## Kohanski v. First National Bank, Nanticoke

*Frank P. Lenahan* and *G. Reuling Davis*, for plaintiff.

*Charles A. Shea* and *Francis J. Beckley*, for defendant.

FARRELL, J., January 5, 1945.—There is on deposit in First National Bank of Nanticoke, Pa., as evidenced by savings deposit book no. 59223, the sum of $2,776 in the names of "Mr. Albyn Kohanski and wife Ida". A suit in assumpsit to the above number and term has been instituted by Ida Kohanski, the wife, against the bank to recover the amount of said deposit, the statement of claim averring that on August 11, 1944, plaintiff presented the passbook to the bank and demanded payment of the entire sum with interest and that payment was refused. The statement of claim was filed August 19, 1944. Plaintiff claims the right to withdraw all the money under the following clause in the contract contained in the passbook:

"The presentation of the passbook shall be deemed sufficient authority for the bank to make payment on

same, and all payments duly entered therein shall be valid, and shall fully discharge the bank to the extent of said payments."

The bank filed a petition for interpleader on September 6, 1944, averring, inter alia:

"(a) Said Albyn Kohanski, who is now in military service and is also the husband of Ida Kohanski, made a personal demand upon Elmo J. Hall, cashier of the First National Bank of Nanticoke, Pa., for the said savings account. Said demand was made on or about March 20, 1944, and was refused because the passbook was not presented at the time of the demand."

Further, in subsection (b) of said paragraph:

"(b) Said Albyn Kohanski, by letter in writing, dated March 20, 1944, copy of which is attached hereto and made a part hereof, instructed the First National Bank of Nanticoke, Pa., not to release the funds in the savings account unless upon presentation of the passbook and signatures of both parties on the withdrawals."

To the foregoing averments plaintiff made answer as follows:

"(a) Subparagraph (a) of paragraph 3 of the petition is neither admitted nor denied, as the averment therein contained is wholly within the knowledge of the petitioner.

"(b) Subparagraph (b) of paragraph 3 of the petition is admitted, but for further answer your deponent avers that said letter is immaterial as the funds in the savings account were held by the entireties and could be drawn by either Albyn or Ida Kohanski upon presentation of the passbook."

The answer further avers in paragraph 7 that the said account is held by the husband and wife as entireties and that "as parties holding by the entireties are under the laws of the State of Pennsylvania considered as one entity, there can be no diversity of interest"; and that the interpleader should not be granted

because "one of the essentials of a rule for interpleader" is "an adverse interest".

There was no adverse interest between the husband and wife at the time the deposits were made. But they are evidently no longer in harmony. The bank has been put on notice by the husband not to pay the money to his wife unless he is present and without both signatures. He is in military service and he is entitled to the protection of his rights. The bank would be imprudent and would be taking an unnecessary risk to disregard his notice and to pay the money to the wife. Therefore,

The rule for interpleader is made absolute, the bank is directed to pay the money into court, less counsel fees and expenses, and it is directed that a proper issue of interpleader be framed between the husband and wife.